UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES ROSS,

    Petitioner,

v.                                              Case No. 3:19cv3485-MCR-HTC

MARK S. INCH,

    Respondent.
_____/

ORDER AND REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner James Ross's second amended petition under 28 U.S.C. § 2254. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned finds the second amended petition is untimely and asserts grounds for relief that are procedurally barred. Thus, the undersigned recommends the petition be DISMISSED prior to service and without requiring an answer from the State.

    **I.    BACKGROUND**

Ross is an inmate with the Florida Department of Corrections ("FDOC") incarcerated at Walton Correctional Institution. He is serving a 25-year sentence for a sex offense. Ross initiated this proceeding, *pro se*, by delivering an incomplete

§ 2241 petition to prison officials on September 13, 2019[1]. ECF Doc. 1 at 15. The Court directed Ross to file a completed petition. ECF Doc. 4. Ross filed an amended petition, which was docketed on December 26, 2019. ECF Doc. 11.

Upon review of the amended petition, the Court determined that Ross was attempting to challenge his underlying conviction, rather than the manner in which his sentence is being executed. Thus, the Court directed Ross to file a second amended petition, this time utilizing the Court's forms for a petition under 28 U.S.C. § 2254. ECF Doc. 12; *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (holding that an application "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied*, 541 U.S. 1032 (2004). Ross filed a second amended petition, which was docketed on January 30, 2020. ECF Doc. 13. That is the petition under review.

## II.   STANDARD FOR DISMISSAL UNDER RULE 4

Rule 4 of the Rules Governing § 2254 Cases requires district courts to dismiss § 2254 petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020). This preliminary review calls on a district court to screen the petition prior to service and dismiss the

---

[1] *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief. *See* Rules Governing § 2254 Cases, R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief. *Paez*, 947 F.3d at 649 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (holding that a § 2254 petition must comply with the "fact pleading requirements of [Habeas] Rule 2(c) and (d)" to survive dismissal under Rule 4). A dismissal under Rule 4 may be appropriate both on the merits and a finding that the petition is procedural barred. *Paez*, 947 F.3d at 649 (citing *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A district court may *sua sponte* dismiss a § 2254 petition if the petition's untimeliness is 'clear from the face of the petition itself.'"); *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (*per curiam*) ("even though the statute of limitations is an affirmative defense, the district court may review *sua sponte* the timeliness of the section 2254 petition").

In determining whether to dismiss a habeas petition under Rule 4, a court may properly take judicial notice of the state court dockets. *Paez*, 947 F.3d at 649. State court records comply with the requirements of Federal Rule of Evidence 201, which permits a court to "judicially notice a fact that is not subject to reasonable dispute

because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Paez*, 947 F.3d at 649 (citing *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010).

Thus, as an initial matter, the undersigned will take judicial notice of Ross's state court records pertaining to his underlying conviction, identified by case number 2013-CF-2885, filed in Leon County.[2] Additionally, the Court will instruct the clerk to post as exhibits to this Report and Recommendation those portions of the state court record, which the undersigned considered in recommending this dismissal. *Paez*, 947 F.3d at 649 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

### III.   ANALYSIS

#### A. The Petition Is Untimely By More Than Four (4) Years.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period runs from the latest of several dates, two of which are potentially applicable in this case. In most cases, the limitations period runs from "the date on which the

---

[2] The docket of the state case that Ross challenges can be accessed at the following address: https://cvweb.clerk.leon.fl.us/public/online_services/search_courts/search_by_name.asp?case_search_type=criminal.

Case No. 3:19cv3485-MCR-HTC

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (unless one of the later dates enumerated in the statute applies – which they do not here). *Id.* § 2244(d)(1)(A). The period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). This later period is used in cases involving claims of newly discovered evidence.

Additionally, the limitations period, is tolled for the time during which a "properly filed" postconviction motion is pending in state court. *Id.* § 2244(d)(2). However, some of the limitations period must remain to be tolled. "While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).

Applying either limitations period here, Ross's petition is untimely by more than four (4) years. Also, Ross cannot benefit from tolling because his limitations period expired ***before*** any event which would have tolled the limitations period occurred. The Court's § 2254 form asked Ross to explain why his petition is not barred if it is being brought more than one (1) year after his judgment became final. Ross left the question blank. ECF Doc. 13 at 19-20. Ross thus does not even attempt to raise an equitable tolling argument. *See Brown v. United States*, 2010 WL

Case No. 3:19cv3485-MCR-HTC

2611756, * 1 (S.D. Ga. May 26, 2010) (dismissing § 2255 petition as untimely under Rule 4).

### 1. The Petition Was Untimely Filed If The AEDPA Limitations Period Began When His Judgment Became Final Under § 2244(d)(1)(A).

Ross was arrested in 2013 for molesting his three-year-old niece, and eventually pled guilty. Docket ## 13, 64 in 2013-CF-2885. He was sentenced on January 22, 2014, to a mandatory minimum 25 years imprisonment and life sexual offender probation. *Id.* at docket # 66. Ross did not file a direct appeal of his conviction and sentence; thus, the one-year limitations period under § 2244(d)(1)(A) began to run on February 21, 2014, thirty (30) days after the judgment was entered. *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires). Thus, for Ross to timely file a § 2254 habeas petition, absent a tolling event, he must have done so by **February 23, 2015**.[3]

---

[3] Because the 1-year deadline falls on a Saturday, February 21, 2015, the deadline would have expired on the following Monday, February 23, 2015. *See e.g., Rogers v. United States*, 180 F.3d 349, 355, n. 13 (1st Cir.1999) (applying Fed. R. Civ. P. 6(a) to calculation of AEDPA limitations period), *cert. denied*, 528 U.S. 1126, 120 S.Ct. 958, 145 L.Ed.2d 831 (2000); *Mickens v. United States*, 148 F.3d 145, 148 (2nd Cir.1998); *Hernandez v. Caldwell*, 225 F.3d 435, 436 (4th Cir.2000); *Flanagan v. Johnson*, 154 F.3d 196, 200–02 (5th Cir.1998); *Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir.2000); *United States v. Marcello*, 212 F.3d 1005, 1009–10 (7th Cir.2000); *see also, Wright v. Norris*, 299 F.3d 926, 927 (8th Cir. 2002) ("Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of AEDPA time limits. Therefore, filing deadlines fall on the anniversary date of the triggering event, not the day before, and a deadline is advanced to the next business day if it falls on a weekend. January 27, 2001 was a Saturday, so Wright's January 29 habeas petition was filed within one year of January 27, 2000."

Case No. 3:19cv3485-MCR-HTC

On May 23, 2015, Ross filed a statement of "Judicial Acts to Be Reviewed". Docket # 91 in 2013-CF-2885. There is no record in the trial court docket or at the First DCA, however, that this filing was followed up by any attempt to formally appeal his conviction and sentence. Even then, it would have been too late to toll his AEDPA clock, because the 1-year deadline had already expired.

On August 25, 2015, Ross filed a post-conviction motion under Fla. R. Crim. P. 3.850. *Id.* at docket # 93. Over a year later, the state court struck the 3.850 motion as insufficient but allowed Ross to amend, which he did on November 26, 2016. *Id.* at docket # 101. The state court denied Ross's amended motion on the merits on December 5, 2016. *Id.* at docket # 102. Ross timely filed an appeal of the state court's denial of the 3.850 motion. *Id.* at docket #103 (Case Number: 1D17-112, an appeal from Final Criminal 3.850 Notice from Leon County, James Ross vs. State of Florida, 2013-CF-2885A). The First DCA affirmed *per curiam* without written opinion and the mandate was issued April 18, 2017.

Normally, a 3.850 motion would toll the AEDPA statute of limitations period, and keep it tolled until it is resolved on appeal. *See King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186, *1 (11th Cir. Jan. 5, 2017) (holding federal one-year period is tolled upon properly filed postconviction motion and remains tolled until the appellate court issues its mandate). In this case, however, Ross's August 2015 motion **did not** toll the AEDPA period, because, as stated above, Ross's 1-year deadline had already passed. In other words, there was no time remaining to be

Case No. 3:19cv3485-MCR-HTC

tolled by the 3.850 motion.  And, even assuming, *arguendo*, any time remained, it would have clearly expired by September 2019 (when he filed the original federal petition), a date more than two years after the mandate on the 3.850 appeal was issued.

> 2. Ross's Bare Bones Claim Of Newly Discovered Evidence Does Not Trigger The Later Limitations Period In 28 U.S.C. § 2244(d)(1)(D).

Under § 2244(d)(1)(D), the time for raising a claim runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Thus, the limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered.  *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), *cert. granted, judgment vacated on other grounds*, 561 U.S. 1001 (2010).

Ground Five of Ross's amended petition is titled "Newly Discovered Evidence".  ECF Doc. 13 at 17.  In support of this ground for relief, Ross states: "Petitioner constitutes a sufficient ground for withdrawal of a nolo contendere plea; a showing that the ends of justice would be served by permitting such a withdrawal Rules of Crim. P. 3.1701(f), 3.171.  Mr. Ross['s] wife is the only person who can provide exculpatory evidence.  The Petitioner is actual[ly] innocent of this alleged crime."  *Id*.  Reading Ross's amended petition liberally, Ross may be attempting to

claim that newly discovered evidence triggers the later limitations start date from 28 U.S.C. § 2244(d)(1)(D).

However, he cannot take advantage of the later period set forth in § 2244(d)(1)(D) because he was married to his wife at the time of the events in question and thus the fact that she is the "only person who could provide exculpatory evidence," cannot be "newly discovered." Indeed, one of his grounds of error in the instant federal petition is that counsel failed to call Ross's wife as a witness at trial. Moreover, the state court filings show that Ross mentioned his wife to the state court judge in letters written to the state court as early as January 22, 2014, and again on February 10, 2014, before his judgement became final. Docket ## 75, 76 in 2013-CF-2885. Therefore, his claims do not trigger the later limitations start date in 28 U.S.C. § 2244(d)(1)(D).

### B. All Grounds In The Petition Are Procedurally Defaulted.

As an additional ground for summarily dismissing Ross's petition prior to service, the undersigned finds Ross has failed to exhaust any of the grounds for relief raised with the state court. 28 U.S.C. § 2254(b), (c). A failure to exhaust occurs "when a petitioner has not fairly presented every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (internal quotation marks and brackets omitted). For an issue to be "fairly presented," a petitioner must have "presented his claims to the state court such that a reasonable reader would

Case No. 3:19cv3485-MCR-HTC

understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citations and quotations omitted).

Ross did not file a direct appeal, and raised only the following two issues in his 3.850 motion: (1) ineffective assistance of counsel for failing to tell Ross not to talk with the Court and law enforcement about his case; and (2) trial court error by sentencing Ross, a first-time offender, to 25 years and life sex offender probation. Docket # 101 in 2013-CF-2885. Unlike his 3.850 motion, his claims in the current federal petition are as follows: (1) trial court error because the prosecutor never proved the elements of the crime; (2) ineffective assistance of trial counsel because trial counsel failed to depose and call as a witness Ross's wife to testify as to Ross's character and career history; (3) trial court error because the judge asked if this was what the mother of the victim wanted, and the mother never appeared at any court proceeding; (4) ineffective assistance of trial counsel because of a conflict between Ross and trial counsel and because counsel agreed with the state prosecutor; and (5) newly discovered evidence that "Mr. Ross's wife is the only person who can provide exculpatory evidence. The petitioner is actually innocent of this alleged crime." ECF Doc. 13.

Clearly, none of the claims raised in the federal petition were presented to the state court. "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support

Case No. 3:19cv3485-MCR-HTC

the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir.2004). Rather, to ensure state courts have the first opportunity to hear all claims, state prisoners are required "to present the state courts with the same claim he urges upon the federal courts." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).

Accordingly, the undersigned finds that Ross has not exhausted his available state remedies on any of his grounds of federal habeas relief. Claims that have not been exhausted are subject to dismissal.[4] *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007).

The only exception to the doctrine of procedural default are where a petitioner has established "cause and prejudice or the fundamental miscarriage of justice," *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that the errors in his case created the possibility

---

[4] Although the Court need not necessarily address the issue, the undersigned also finds that Ross would be unable to return to state court to assert these claims now because they would also be procedurally barred in state court. *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). For instance, several of Ross's claims are for trial court error, which must be raised in a direct appeal thirty (30) days after judgment. *See Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1988). Similarly, his claims for ineffective assistance of counsel must be raised in a 3.850 motion, which must be brought (absent newly discovered evidence) no more than two (2) years after final judgment. Fla. R. Crim. P. 3.850; *Lamb v. Sec'y, Fla. Dep't of Corr.*, No. 3:17-CV-300-J-34PDB, 2019 WL 5295149, at *9 (M.D. Fla. Oct. 18, 2019).

of prejudice but that they worked to his actual and substantial disadvantage and infected the entire case with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Ross has not alleged any external impediment to raising these claims in state court. While he references "appellate counsel" as an explanation for not raising these grounds in his direct appeal, he leaves blank the sections of the form asking if he raised these grounds in a 3.850 motion and why not. ECF Doc. 13. Additionally, although Ross uses the phrase "actual innocence" in Ground One, as his "supporting facts," Ross merely states "the elements of the crime never proven by the state prosecutor." ECF Doc. 13 at 9. This allegation, at best, is one of legal innocence rather than factual innocence, which is insufficient under *Schlup*.

## IV. CONCLUSION

### A. *Sua Sponte* Dismissal Is Appropriate Since the Report and Recommendation Provides Notice And An Opportunity To Be Heard

Because the petition is untimely and unexhausted, and Ross does not meet any of the exceptions excusing those procedural defects, the second amended petition should be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).

This Report and Recommendation provides Ross an opportunity to file objections and, thus, affords Ross both notice and a reasonable opportunity to respond. *Paez*, 947 F.3d at 649 (A petitioner is "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely."), *citing Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and

Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

Additionally, the undersigned will also direct the clerk to provide the Secretary and the Attorney General's office a copy of the second amended petition and this Report and Recommendation so that the Secretary will also have an opportunity to respond to the Report and Recommendation, including to inform the Court if he intends to waive the timeliness and lack of exhaustion defenses. *See Paez*, 947 F.3d at 649.

### B. An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because Ross's petition is time-barred and unexhausted, an evidentiary hearing is not warranted.

### C. Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall send a copy of the Second Amended Petition and this Report and Recommendation and attachments thereto to the Respondent Mark Inch by providing a copy of same to the Secretary and to the Attorney General. These copies are being provided for purposes of notifying the Secretary of this Report and Recommendation *only* and should not be considered as service of the Second Amended Petition on the Secretary.

Case No. 3:19cv3485-MCR-HTC

    2.    The clerk shall attach as exhibits to this Report and Recommendation the state court documents denoted by state docket numbers 13, 64, 66, 91, 93, 101, and 103.

Accordingly, it is respectfully RECOMMENDED:

    1.    That this case be DISMISSED WITH PREJUDICE as unexhausted and untimely filed under 28 U.S.C. § 2244.

    2.    That a Certificate of Appealability be DENIED.

    3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of February, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.